James Day, plaintiff in error *v.* Cushman, Eaton & Co., defendants in error.

*Error to La Salle.*

Where a *scire facias* to foreclose a mortgage commanded the defendant to answer unto " Cushman, Eaton & Co.," without showing or averring what persons composed the said firm: *Held* that the omission was fatal.

A *scire facias* to foreclose a mortgage payable by instalments, must state that the last instalment has become due.

In summary proceedings under a statute, the provisions of the statute must be strictly complied with.

At the September term, 1837, of the La Salle Circuit Court, the Hon. Jesse B. Thomas presiding, judgment was rendered by default against the plaintiff in error, upon the foreclosure of a mortgage by *scire facias*, for $1219,17 and costs of suit. The cause was brought to this Court by writ of error.

James Grant and Fr. Peyton, for the plaintiff in error.

L. Davis and F. Forman, for the defendants in error.

(1) <em>Ante</em> 458.

SMITH, Justice, delivered the opinion of the Court:

This was a proceeding under the statute, on a *scire facias* to foreclose a mortgage. Amongst other errors assigned, it is proposed to notice but two:—First, The *scire facias* commands the defendant, in the Circuit Court, to answer the complaint of Cushman, Eaton & Co., without disclosing the Christian names of Cushman and Eaton, or of those embraced under the term Co.— Secondly, The *scire facias* does not aver that the last instalment of money, to secure the payment of which the mortgage was given, had fallen due.

It is too obvious to doubt, that the omission of the Christian names of the plaintiffs in the action, as, also, of the names of the persons who composed the Company, is fatal—equally so, the neglect to state, as the statute has declared, that the last payment had become due, before the suing out of the *scire facias.* As the proceedings under the statute are summary, it should be strictly complied with.

The statute of jeofails does not cure the omissions; and as there has been no appearance, the errors have not been waived.

Judgment reversed with costs.

*Judgment reversed.*